ROBERTSON, Justice,
for the Court.
I. C. Chatman was indicted, tried and convicted in the Circuit Court of Lafayette County of the murder of Robert Birks. He was sentenced to life imprisonment in an institution to be designated by the Department of Corrections, State of Mississippi.
About 9:30 p.m. September 22, 1973,1. C. “Bunk” Chatman and his wife went over to visit his brother, Jessie Chatman, and his *1383 family. They were watching television in the living room. Birks was sitting in a rocking chair in an adjoining bedroom. I. C. got up and went into the bedroom. He asked Birks if he was still mad at him. There was no answer. A gunshot was heard and I. C. rushed out of the bedroom. He and his wife left immediately without a word to anybody. Birks was found on the floor with a wound in his lower back and another in his upper left chest. He was pronounced dead on arrival at the hospital.
Jessie Mae Sisk, defendant’s niece, and Willie Lee Chatman, defendant’s nephew, testified that defendant got up from his chair in the living room and walked into the bedroom where Robert Birks was seated in a rocking chair, apparently asleep. Both testified that they heard I. C. Chatman ask Birks if he was still mad at him. They did not hear any answer from Birks. They heard a “pop” like a gun going off, and saw defendant rush out of the room and leave with his wife without saying a word.
Dr. Brooks Allison testified that he examined the body of Robert Birks about 2V2 years later after it had been exhumed; that Birks was killed by a bullet entering the lower right back and exiting from the upper left chest, traveling through the body at about a 45° angle.
The defendant took the stand in his own defense and testified that earlier in the evening of September 22nd Birks had cursed him and told him to get out of his yard. That night he had gone in the bedroom at Jessie Chatman’s home to see Birks; that as he talked with Birks he saw what looked like a gun barrel stuck through the window underneath the window shade; that as he ran out of the bedroom he heard a gunshot; that he and his wife left without saying a word to anybody.
Defendant further testified that he and his wife had an argument on the way home, and that after taking her home he went to a carnival. Three or four hours later his wife came to the carnival and told him that the police were looking for him, and he left immediately by himself and drove to Oakland, California.
Over two years later, on December 3, 1975, the defendant was apprehended in Los Angeles, California, and Sheriff F. D. East of Lafayette County went out to Los Angeles, California, to bring him back.
Sheriff East testified that he read him his Miranda rights while in the airport parking lot, and then about IV2 hours later, while they were on the plane en route to Oxford, Mississippi, that he asked him what he did with the pistol that night after the shooting, and the defendant responded: “Oh, I got rid of it a long time ago. I sold it.”
Defendant assigns as error:
1. That the court should have granted him a peremptory instruction because the State failed to prove beyond a reasonable doubt that the defendant committed the murder, and the verdict of the jury was against the overwhelming weight of the evidence;
2. That the peremptory instruction should have been granted because of the Weathersby Rule;
3. That Sheriff East’s testimony concerning the ownership and disposition of a gun by the defendant should have been excluded because his Miranda rights were not explained to him immediately before the statement was made.
The jury were the sole judges of the credibility of each witness, and the weight to be given to the testimony of each witness, and were entitled to believe the testimony of Jessie Mae Sisk and Willie Lee Chatman. The testimony of Jessie Mae Sisk and Willie Lee Chatman, defendant’s niece and nephew, conflicted with that of the defendant. From their testimony, the jury was amply justified in finding the defendant guilty beyond a reasonable doubt of the murder of Robert Birks.
This was not a case for the application of the Weathersby Rule, because the testimony of the other witnesses conflicted with that of the defendant, as to what actually occurred. The defendant’s actions following the shooting, as testified to by the *1384 defendant himself, were not those of a reasonable or innocent man. The guilty flee when no man pursueth.
The testimony of Sheriff East was that Chatman’s Miranda rights were fully explained to him IV2 hours before he was asked about what happened to the pistol. We held in Dean v. State, 300 So.2d 797 (Miss.1974), that an explanation of defendant’s Miranda rights made four hours before any questions were asked and answers given was sufficient. Moreover, no objection was made to Sheriff East’s testimony as to his question and defendant’s answer.
There being no merit in these assignments of error, the conviction and sentence are affirmed.
AFFIRMED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.